UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

**TRENTON GARMON,**
    Plaintiff,

v.

**AMERICAN BAR ASSOCIATION JOURNAL,** *et al.*,
    Defendants.

Case No. 4:24-cv-912-CLM

## MEMORANDUM OPINION

Trenton Garmon represented 2017 Senate Candidate Roy Moore. Garmon claims that, in 2017, the American Bar Association ("ABA") and Debra Weiss maliciously altered and published part of a demand letter that Garmon sent to al.com on Moore's behalf. In 2024, Garmon sued the ABA, Weiss, and three fictitious parties (collectively Defendants) in state court for subjecting him to defamation, ridicule, and a false professional light. (Doc. 1-1). Defendants removed the case to this court (doc. 1) and ask the court to dismiss Garmon's complaint (doc. 4). As explained below, the court **GRANTS** Defendants' Motion to Dismiss. (Doc. 4).

## BACKGROUND

Roy Moore ran for Alabama's vacant U.S. Senate seat in 2017. During the campaign, multiple women alleged that Moore pursued inappropriate relationships with them when they were underage. Some alleged that Moore's advances were sexual; others did not. *See Moore v. Cecil*, 488 F. Supp. 3d 1144, 1150-54 (N.D. Ala. 2020) (detailing the allegations and related media coverage).

Garmon is an honorably discharged veteran who served as Moore's attorney in 2017. As Moore's attorney, Garmon sent a letter to the Alabama Media Group ("al.com") on November 14, 2017, informing al.com

that Garmon was preparing to sue al.com for various false and malicious statements it made about Moore in its coverage of the allegations. (Doc. 1-1, pp. 28-31).

Several media outlets published the letter or parts of the letter to ridicule Garmon. On November 17, 2017, Debra Weiss published an article on ABA Journal's website recounting the media's coverage of Garmon's letter. Garmon complains that Weiss's article misquotes his letter. The court pastes screenshots of Garmon's letter, then Weiss's article, with the quote in question circled:

### Original Letter

Thus, do note this clearly, yet significant difference which your client's publication(s) have failed to distinguish. And the legal requirement that your client retract the stories, to include the details which clearly are false. It is also clear that your client's organization is attempting pre-election to conspire and orchestrate a "trial by media" and is playing to a "mob mentality". We demand this circus cease and desist immediately.

### ABA Journal / Weiss Article

"Thus, do you know this clearly, yet significant difference which your client's publication(s) have failed to distinguish. And the legal requirement that your client retract the stories, to include the details which clearly are false."

*Comparing* (doc. 1-1, p. 30) *with* (doc. 1-1, p. 12) (circles added).

Garmon sued the ABA and Weiss, alleging that they maliciously changed his language from "do note" to "do you know" to make his letter appear incoherent. Garmon also asserts that the Article's reporting on his MSNBC interview was erroneous.

Defendants argue that all four of Garmon's counts should be dismissed as Count I and Count II are time barred and Count III and Count IV are not causes of action and thus fail to state a claim upon which relief can be granted.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "[A] court should only grant a motion to dismiss [under Rule 12(b)(6)] where the defendant demonstrates that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief." *Am. United Life Ins. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). To grant a motion to dismiss under Rule 12(b)(6) "on statute of limitations grounds is appropriate if it is apparent from the face of the complaint that the claim is time barred. *Arora v. Paige*, 855 Fed.Appx. 667, 669. (11th Cir. 2021) (citation omitted).

## DISCUSSION

The court addresses Garmon's claims in the order he pleaded them.

**Count I: Defamation and Defamation Per Quod**

In Count I, Garmon alleges that Defendants defamed him, in violation of Alabama law, by altering Garmon's work and publishing the Article. (Doc. 1-1, ¶ 42). To prove this claim, Garmon must ultimately prove (1) "a false and defamatory statement concerning the plaintiff"; (2) "an unprivileged communication of that statement to a third party"; (3) "fault amounting at least to negligence on the part of the defendant; and

3

(4) in claims for defamation per quod, special damages caused by the publication of the statement. *Dolgencorp, LLC v. Spence,* 224 So.3d 173, 186 (Ala. 2016); *see Byrdsong v. A&E Television Networks, LLC*, 4:21-cv-00607-CLM, 2021 WL 6050687, at *3 (N.D. Ala. Dec. 21, 2021). If Garmon is deemed a "public figure or limited-purpose public figure," the First Amendment also requires clear and convincing evidence that Defendants acted with 'actual malice' – that is with knowledge that [the statement] was false or with reckless disregard of whether it was false or not." *Cottrell v. Nat'l Coll. Athletic Ass'n*, 975 So.2d 306, 333 (Ala. 2007) (quoting *New York Times v. Sullivan*, 376 U.S. 254, 280 (1964)).

That said, the court needn't decide whether Garmon pleaded facts that would support his claim because Garmon failed to plead Count I within the statute of limitations. Under Alabama law, "all actions of libel or slander must be brought within two years." *Hollander v. Nichols*, 19 So.3d 184, 194 (Ala. 2009). "The statute of limitations for a claim alleging defamation 'begins to run at the time the cause of action accrues, that is, when the defamatory matter is published." *Id*. at 195.

Defendants published the Article on November 17, 2017. That means Garmon had to file his defamation claim by November 17, 2019 to be within the statute of limitations. But Garmon did not file his complaint until May 31, 2024. (Doc. 1-1). So the court must dismiss Count I as untimely. And because timeliness cannot be corrected, the dismissal will be with prejudice.

**Count II: Tort of Outrage**

In Count II, Garmon asserts Defendants have engaged in a "pattern of outrage by declining to "retract, mitigate or…correct" the Article on Defendant's online platform. (Doc. 1-1, ¶ 63). Alabama courts define the tort of outrage as follows:

> One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress. The emotional distress

> thereunder must be so severe that no reasonable person could be expected to endure it. Any recovery must be reasonable and justified under the circumstances, liability ensuing only when the conduct is extreme.

*Little v. Robinson*, 72 So.3d 1168, 1172 (Ala. 2011). Courts "[do] not recognize recovery for 'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.'" *Id.* (citations omitted). "[This] principle applies only to the unprivileged, intentional or reckless conduct of an extreme and outrageous nature, and only that which causes severe emotional distress." *Id.*

Like Count I, the court needn't decide whether Garmon pleads facts that could prove a claim of outrage because, like defamation, "[t]he tort of outrage…is governed by the two-year statute of limitations…." *Archie v. Enter. Hosp. & Nursing Home*, 508 So.2d 693, 695 (Ala. 1987). Again, Garmon filed his claim more than six years after Defendants published the Article. So the court must also dismiss Count II with prejudice because it is untimely and that error cannot be corrected.

**Count III: Violation of the Communication Decency Act**

In Count III, Garmon claims that Defendants violated the Communication Decency Act ("CDA"), 47 U.S.C. § 231, by misquoting his letter to al.com. Defendants argue that Garmon fails to plead a viable claim under the CDA. The court agrees.

The CDA (47 U.S.C. § 231(a)(1)) says:

> Whoever knowingly and with knowledge of the character of the material, in interstate or foreign commerce by means of the World Wide Web, makes any communication for commercial purposes that is available to any minor and that includes any material that is harmful to minors shall be fined not more than $50,000, imprisoned not more than 6 months, or both.

As its plain text shows, Congress enacted the CDA to regulate online content that is "harmful to minors." Garmon acknowledges this in Count III, noting that the CDA "was enacted in 1996 to regulate online content and protect minors from harmful material" and to punish criminally "those who knowingly transmit 'obscene' or 'indecent' messages, as determined by local community standards, to a recipient under the age of 18 years." (Doc. 1-1, ¶ 75).

Even if Garmon can prove that Weiss or the ABA intentionally changed the phrase "do note" to "do you know," Garmon fails to allege how that change harms minors. Nor could Garmon plausibly allege how that change (even if intentionally and malicious) hurt a minor who read the article. So the court must dismiss Count III for failing to state a viable claim under the CDA, and that dismissal must be with prejudice because amending Garmon's complaint would be futile. *See* Fed. R. Civ. P. 12(b)(6).

**Count IV: Request for Injunctive Relief**

In his final count (IV), Garmon asks the court to order Defendants to correct the error in its article and to send an email blast to subscribers telling them of the correction. Garmon's request for injunctive relief is not an independent claim; it rises and falls with the substantive counts. *Fowler v. Goodman Mfg. Co. L.P.*, 2014 WL 7048581, at *10 (N.D. Ala. Dec. 12, 2014). Because the court dismisses Counts I, II, and III, it must also dismiss Count IV.

## CONCLUSION

For these reasons, the court **GRANTS** Defendants' Motion to Dismiss, (doc. 4), **WITH PREJUDICE**.

The court **DIRECTS** the Clerk of Court to close this case and send this Memorandum Opinion to Garmon at his address of record.

**DONE** and **ORDERED** on February 11, 2025.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE